IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

        Plaintiff,           No. 2:09-cv-1339 KJN P

    vs.

CAVAGNARO, et al.,

        Defendants.        ORDER

_____/

        Plaintiff a state prisoner proceeding without counsel and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By concurrent Order, plaintiff's civil rights complaint was dismissed with leave to amend. Presently pending are plaintiff's motions to appoint counsel, filed on January 11, 2010 and February 11, 2010, and plaintiff's "motion for injunction prohibiting harassment, permanent restraining order and full pardon," filed on January 12, 2010.

I. Preliminary Injunction/Temporary Restraining Order

        "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76

1

(2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion concerns issues not presented in plaintiff's civil rights complaint. In fact, the court is not entirely clear what plaintiff requests. Plaintiff is concerned with $400 that was removed from his prison trust account by the Department of Revenue Recovery, concerning an entirely different court case. Plaintiff requests an audit of the money that was removed.

Plaintiff' request as currently drafted is not appropriately brought as a motion for a preliminary injunction. Plaintiff's motion will be vacated at this time. If plaintiff files an amended complaint that the court deems contains cognizable claims and the court orders service, plaintiff may file a new motion for a preliminary injunction involving those claims.

II. Appointment of Counsel

On January 11, 2010 and February 11, 2010, plaintiff filed his third and fourth requests for the appointment of counsel. Plaintiff's previous requests were filed on July 2, 2009 and July 20, 2009. Those requests were denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's requests for the appointment of counsel are denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 12, 2010, motion (Dkt. No. 18) for a preliminary injunction is vacated with leave granted to file a new preliminary injunction if plaintiff files an amended complaint that the court determines contains cognizable claims.

2. Plaintiff's January 11, 2010 and February 11, 2010 requests for counsel (Dkt. Nos. 17, 21) are denied.

DATED: February 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean1339.pi