1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALTON E. DEAN,

11            Plaintiff,                    No. 2:09-cv-1339 KJN P

12       vs.

13   CAVAGNARO, et al.,
                                            ORDER &
14            Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16            Plaintiff, a state prisoner proceeding without counsel and in forma pauperis, seeks

17   relief pursuant to 42 U.S.C. § 1983.  By Orders on February 26, 2010, and March 5, 2010,

18   plaintiff's prior motion for injunctive relief was vacated and plaintiff's original complaint was

19   dismissed with leave to file an amended complaint and a new motion for injunctive relief.  The

20   original motion for injunctive relief and the complaint were vague and lacked a coherent

21   statement of the facts.  On March 8, 2010, plaintiff filed two new motions for injunctive relief.

22   Plaintiff filed an amended complaint on March 9, 2010, and then a second amended complaint on

23   March 22, 2010.

24   Second Amended Complaint

25            The court will screen plaintiff's second amended complaint.  As stated before, the

26   court is required to screen complaints brought by prisoners seeking relief against a governmental

1

1  entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must

2  dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

3  or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

4  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

5          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

13  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

16  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

17  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

18  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

19  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

20  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

21  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

22  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

23  as true the allegations of the complaint in question, id., and construe the pleading in the light

24  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

25          Plaintiff has not corrected the deficiencies discussed in his prior complaint.  The

26  second amended complaint is again confusing and lacks a coherent statement of facts.  Plaintiff

2

1   alleges that defendant correctional officer Cavagnaro "thrived on observing plaintiff suffering"

2   and is somehow responsible for the improper medical care that plaintiff has received, as plainitff

3   is in a wheelchair.  Plaintiff sets forth a litany of accusations against Cavagnaro though it's not

4   clear when these events occurred as plaintiff describes some incidents from 10 years ago.

5   Plaintiff also directs many accusations against "a racist Russian doctor" but it's not entirely clear

6   who that defendant is or how the doctor was deliberately indifferent to plaintiff's medical needs.

7   Plaintiff lists several grievances concerning medical care but none in sufficient detail.  Plaintiff's

8   complaint will be dismissed.  Plaintiff will be granted one final opportunity to file a third

9   amended complaint.

10          The Civil Rights Act under which this action was filed provides as follows:
           Every person who, under color of [state law] . . . subjects, or causes
11          to be subjected, any citizen of the United States . . . to the
           deprivation of any rights, privileges, or immunities secured by the
12          Constitution . . . shall be liable to the party injured in an action at
           law, suit in equity, or other proper proceeding for redress.
13

14   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

19   omits to perform an act which he is legally required to do that causes the deprivation of which

20   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21          Moreover, supervisory personnel are generally not liable under § 1983 for the

22   actions of their employees under a theory of respondeat superior and, therefore, when a named

23   defendant holds a supervisorial position, the causal link between him and the claimed

24   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

26   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

3

1  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2  Cir. 1982).

3            The court finds the allegations in plaintiff's complaint so vague and conclusory

4  that it is unable to determine whether the current action is frivolous or fails to state a claim for

5  relief.  The court has determined that the complaint does not contain a short and plain statement

6  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7  policy, a complaint must give fair notice and state the elements of the claim plainly and

8  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

9  allege with at least some degree of particularity overt acts which defendants engaged in that

10  support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12  one more amended complaint.

13            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

15  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

17  unless there is some affirmative link or connection between a defendant's actions and the

18  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

19  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

20  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

21  268 (9th Cir. 1982).

22            In addition, plaintiff is hereby informed that the court cannot refer to a prior

23  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

24  an amended complaint be complete in itself without reference to any prior pleading.  This

25  requirement exists because, as a general rule, an amended complaint supersedes the original

26  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Preliminary Injunction/Temporary Restraining Order

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Once again plaintiff's two motions for injunctive relief are rambling and confusing and the court is not clear what relief plaintiff seeks.  The motion found in Docket No. 29 makes very little sense and Docket. No. 30 is a list of grievances against various officials with no coherent argument.  Plaintiff's motions for injunctive relief should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court assign a District Judge to this case.

2.  Plaintiff's second amended complaint is dismissed.  Plaintiff will be granted one final opportunity to file a third amended complaint.

3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Third Amended Complaint.

5

1   Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

2   the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The third amended

3   complaint must also bear the docket number assigned to this case and must be labeled "Third

4   Amended Complaint."  Failure to file a third amended complaint in accordance with this order

5   may result in the dismissal of this action.

6           IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief

7   filed on March 8, 2010 (Dkt. Nos. 29, 30) be denied.

8           These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

10  one days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13  objections shall be filed and served within fourteen days after service of the objections.  The

14  parties are advised that failure to file objections within the specified time may waive the right to

15  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  April 26, 2010

17

18

19

20  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23  dean1339.amnd

24

25

26

6

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALTON E. DEAN,

11              Plaintiff,                  No. 2:09-cv-1339 KJN P

12        vs.

13   CAVAGNARO, et al.,

14              Defendants.                 NOTICE OF AMENDMENT

15   _____/

16        Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18        _____   Third Amended Complaint

19   DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26

                                    7