IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                    No. 2:09-cv-1339 MCE KJN P

vs.

CAVAGNARO, et al.,                ORDER and

      Defendants.           FINDINGS AND RECOMMENDATION

_____/

      Plaintiff is a prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

1

1  be granted, unless the prisoner is under imminent danger of serious
2  physical injury.

3  28 U.S.C. § 1915(g).  The court now takes judicial notice[1] of the national pro se "three strikes"

4  database, and the cases therein cited, which a Ninth Circuit committee has directed this court to

5  access for PLRA three-strikes screening purposes.  In this database, plaintiff is identified as a

6  litigant with no less than five strikes.[2]  The court herein lists the three cases which expressly state

7  in the order clause that the respective case was being dismissed for failure to state a claim:

8  1) Dean v. Sullivan, 2:98-00717 LKK DAD P, 3/22/99 (action dismissed for failure to state a

9  cognizable claim by Order, filed on March 22, 1999); 2) Dean v. Melching, et al.,1:00-5522 AWI

10  DLB P (action dismissed with prejudice for plaintiff's failure to file a second amended complaint

11  and failure to state a claim upon which relief may be granted by Order, filed on October 26,

12  2000); and 3) Dean v. Cavagnaro, et al., 1:09-0852 SMS P (action dismissed with prejudice for

13  plaintiff's failure to state any claims upon which relief may be granted under section 1983 by

14  Order filed on October 21, 2009).  Each of these dismissals was filed prior to the June 2, 2010

15  filing of the instant fourth amended complaint.

16  In addition, on May 6, 2010, Dean v. Street, 2:10-cv-0672 MCE GGH P, was

17  dismissed for failure to state a claim, and on July 26, 2010, Dean v. Jones, 2:10-cv-0566 DAD,

18  was also dismissed for failure to state a claim.  Each of these dismissals also constitute a strike

19  under 28 U.S.C. § 1915.

20  The court finds that plaintiff is precluded from proceeding in forma pauperis in

21  this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Section 1915(g) applies to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation.  Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Based on the allegations in the complaint, it appears that plaintiff is presently detained in the Sacramento County Jail for an alleged violation of criminal law.

To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

In the fourth amended complaint, plaintiff alleges that from February 20, 2008, until April 19, 2009, he "suffered intolerable pain" by the defendants exhibition of "absolute authority" over plaintiff, denial of adequate medical care, and excessive force, and denial of proper pain relief. These allegations do not demonstrate that plaintiff suffered from an imminent danger of serious injury at the time he filed the fourth amended complaint on June 2, 2010. Accordingly, plaintiff is barred by the three-strikes provision of § 1915(g) from proceeding in this action in forma pauperis. Thus, this court's March 5, 2010 order granting plaintiff leave to proceed in forma pauperis will be vacated, and his in forma pauperis status should be revoked. Plaintiff should be granted twenty-eight days to pay the filing fee. Plaintiff is cautioned that failure to pay the filing fee in full will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that the March 5, 2010 order granting plaintiff leave to proceed in forma pauperis is vacated;

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status be revoked; and

2. Plaintiff be granted twenty-eight days from the date of this order to pay the filing fee ($350.00).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: August 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean1339.3str